## Ankney's Appeal

*George E. Barron* and *Mitinger & Mitinger,* for appellant.

*Paul S. Barnhart,* for school district.

KEENAN, J., January 9, 1939.—This matter comes before the court as an appeal by E. W. Ankney, Tax Collector of Mount Pleasant Township, Westmoreland County, Pa., from the report of the auditors of Mount Pleasant Township School District for the fiscal year ending the first Monday of July 1938.

The petition originally alleged that the tax collector was improperly surcharged for certain taxes for which he disclaimed liability.

Later, by stipulation filed, it was agreed that the school directors had exonerated the tax collector for the per capita tax in the sum of $3,320 by proper resolution of the board, thus leaving only one question to be decided.

That question is as follows: The tax collector who had served for a number of years settled in full with the school district for all taxes due for the years 1930 and 1931, and all succeeding years except the year 1937. In so doing he advanced from his own pocket the sum of $693.68 to complete full payment for the years 1930 and 1931. He then filed liens but permitted the said liens to expire. When the

legislature passed the Act of May 27, 1937, P. L. 914, authorizing the return of unpaid taxes assessed on seated lands for certain years, including 1930 and 1931, and validating the liens of such taxes, he made proper returns and secured liens. In 1937 he collected the full amount of the school taxes due but retained in his possession the sum of $693.68 as reimbursement for the amount he had advanced from his own funds for the 1930 and 1931 taxes.

It is his contention that inasmuch as the school district now has legal liens for this amount of unpaid taxes for the years 1930 and 1931, he is entitled to retain this money and that the school district must look to the collection of these liens to secure the taxes due.

The school district contends that the tax collector has no right to withhold from the 1937 taxes he collected the sum of $693.68 but must pay it to the school board and that when the school board collects upon the liens heretofore filed it will then reimburse the tax collector for the amount previously advanced by him.

The question of law summed up is: "Is the tax collector permitted by law to take credit for 1930 and 1931 school taxes returned under the Act of 1937 in making settlement for the 1937 school taxes?"

We are of the opinion that this question of law must be decided against appellant and in favor of the Mount Pleasant Township School District inasmuch as the provisions of the School Code of May 18, 1911, P. L. 309, applying to this district, which is a third class district, require a tax collector to pay at the end of each month the full amount of all taxes collected during the month, and he is further required to pay over to the treasurer of the school district on or before the first day of June of each year the total amount of all school taxes appearing upon the tax duplicate furnished him, less such amount as he may be exonerated from by the board, or less such amount of unpaid taxes as assessed and levied upon real property

in the said school district. Further provisions of the School Code of May 18, 1911, P. L. 309, set forth the nature of payments, and the method thereof, by the school board which is required to set up a budget for the year. This budget must particularize each class of expenditure and warrants or vouchers for payments under that clause must specifically show the nature thereof.

The appellant tax collector, instead of proceeding as he was entitled to do for the unpaid 1930 and 1931 taxes and securing exoneration therefor, undertook to pay these taxes himself and he cannot now seek to reimburse himself for these advanced taxes from taxes which he collected for the school district for the year 1937.

His duty is mandatory, namely, to pay all the taxes upon the duplicates assigned to him or secure exoneration therefor. Thus to permit him to withhold from the 1937 taxes a sum sufficient to reimburse him for the moneys advanced by him for taxes due in previous years would not be in compliance with the law as we understand it, but he will have to wait the collection by the school district of the amount due under the liens secured by the district for reimbursement.

In view of the foregoing discussion we enter the following

*Decree*

And now, to wit, January 9, 1939, the report of the Auditors of the School District for the Township of Mount Pleasant for the school year ending July 4, 1938, is adjudged in error insofar as the surcharge against E. W. Ankney, tax collector of said district, of $3,320 per capita tax is concerned inasmuch as the said school district after the filing of the said auditors' report exonerated the tax collector of that amount, but judgment is entered in favor of the said School District of the Township of Mount Pleasant and against E. W. Ankney, tax collector for said district, for the sum of $693.68 and costs.